**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Gilbert Maurice Goudreau

    v.                              Civil No. 06-cv-373-SM

Elizabeth Ann Cyr

**REPORT AND RECOMMENDATION**

    Plaintiff has filed a complaint (document no. 1) against Elizabeth Ann Cyr.  Because plaintiff is proceeding pro se and in forma pauperis, the complaint is before me for preliminary review to determine, among other things, whether this Court's subject matter jurisdiction has been invoked.  See United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B)(I).  I find that Goudreau has not established that this Court has subject matter jurisdiction over this matter, and I therefore recommend that the action be dismissed.

<u>Standard of Review</u>

    Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review and to:

    (I)   report and recommend to the court that the filing
           be dismissed because the allegation of poverty is

>     untrue, the action is frivolous or malicious,
>     fails to state a claim upon which relief may be
>     granted, or seeks monetary relief against a
>     defendant who is immune from such relief under 28
>     U.S.C. § 1915(e)(2); or it fails to establish
>     subject matter jurisdiction under Fed. R. Civ. P.
>     12(b)(1); or
>
> (ii) grant the party leave to file an amended filing in
>      accordance with the magistrate judge's directives;
>      or
>
> (iii) pursuant to Fed. R. Civ. P. 4(c)(2), appoint a
>       person to effect service.

LR 4.3(d)(1)(B). In conducting the preliminary review, the Court construes pro se pleadings liberally. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard

of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

## Background

The facts alleged by Goudreau are largely impenetrable and present no narrative of events from which this Court can reasonably follow what has occurred to land this matter before this Court.  As best as I can determine, however, Goudreau appears to allege that the defendant sold real property in Nashua, New Hampshire for less than its appraised worth.  Goudreau asserts either that the property was not the defendant's to sell, but Goudreau's, or, that Goudreau had a financial interest in the property, although the contours of that interest are not set out in any understandable fashion.  Accordingly, Goudreau appears to claim that he has suffered some damage as a result of the sale of the property at an amount below its assessed value.

On April 9, 2007, this court granted Goudreau's request to appear in forma pauperis on this matter for the purpose of

waiving the filing fee (document no. 5). In that Order, I directed Goudreau to provide this Court with the defendant's address, and to amend the complaint to set forth his claimed basis for invoking the subject matter jurisdiction of this Court. Goudreau did not respond to that request.

Discussion

Federal courts are courts of limited jurisdiction. <u>Exxon Mobil Corp. v. Allapattah Servs., Inc.</u>, 545 U.S. 546, 552 (2005) (citing <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994)). The presumption is that a federal court lacks jurisdiction. <u>Kokkonen</u>, 511 U.S. at 377. Consequently, the burden is on the plaintiff who claims jurisdiction to affirmatively allege and prove jurisdiction. <u>Id.</u> To bring a civil action within the court's subject matter jurisdiction, a plaintiff must allege that his action involves either a federal question or diversity jurisdiction. <u>See</u> 28 U.S.C. §§ 1331 & 1332. If it appears that the court lacks subject matter jurisdiction over the matter, the court is required to dismiss the action. Fed. R. Civ. P. 12(h)(3). Turning attention to the case at hand, even when afforded liberal construction, the

complaint is insufficient to invoke the subject matter jurisdiction of this court.

To allege an action based on this Court's diversity jurisdiction, the plaintiff must allege that the plaintiff and defendant are citizens of different States, and the plaintiff must allege an amount in controversy in excess of $75,000.  28 U.S.C. § 1332(a) & (b).  While it appears that Goudreau alleges an amount in controversy well in excess of $75,000, he has failed to provide an address for the defendant or to assert any facts from which I can infer that the plaintiff and defendant are citizens of different States.[1]  Moreover, there are no allegations set forth in the complaint establishing that a federal question exists in this action.

## Conclusion

Because Goudreau has failed to state sufficient facts to invoke the subject matter jurisdiction of this Court, I recommend that the complaint be dismissed.  See LR 4.3(d)(1).  Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal

---

[1] Goudreau has provided this Court with a New Hampshire address and I presume that he is a resident of New Hampshire.

the district court's order.  See <u>Unauth'd Practice of Law Comm._

_v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v.

Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

                                        _/s/ James R. Muirhead_
                                        James R. Muirhead
                                        United States Magistrate Judge

Date:     May 16, 2007

cc:       Gilbert Maurice Goudreau, pro se